| | | |
|---|---|---|
| DuBurne Reid | * | IN THE |
| 6107 Wheatland Road | | |
| Baltimore, MD 21228 | * | UNITED STATES DISTRICT |
| | | |
| Plaintiff, | * | COURT |
| | | |
| v. | * | FOR THE |
| | | |
| Baltimore County, Maryland | * | DISTRICT OF MARYLAND |
| 400 Washington Avenue | | |
| Towson, Maryland 21204 | * | |
| | | |
|     Serve on Resident Agent: | * | |
|     James R. Benjamin, Jr., Esq. | | |
|     County Attorney, Baltimore County | * | |
|     Office of Law | | |
|     400 Washington Avenue | * | |
|     Towson, Maryland 21204 | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

**COMES NOW**, DuBurne Reid, by and through his attorneys, Jeffrey J. Sadri, Esq., and the law office of Ellison Sadri, LLC, and hereby sues Baltimore County, Maryland, and states as follows:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII").

2.   This Court has jurisdiction pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* (hereinafter "ADEA").

3.   Defendant Baltimore County, Maryland (hereinafter referred to as "Baltimore County" or "Defendant") is a local government entity in the State of Maryland.

4.   That all of the actions complained of herein took place in Baltimore County, Maryland.

1

5.  On September 17, 2021, Plaintiff timely filed a Charge of Discrimination against the Baltimore County Fire Department, Plaintiff's Employer and an instrumentality of Defendant Baltimore County, with the U.S. Equal Employment Opportunity Commission ("EEOC"). The "Continuing Action" box within the Charge of Discrimination was checked off.

6.  On November 19, 2021, Defendant Baltimore County filed their Position Statement, in response to Plaintiff's Charge of Discrimination, with the EEOC.

7.  Plaintiff complied with the Local Government Tort Claims Act, Md. CTS. & JUD. PROC. , § 5-301, *et seq.* ("LGTCA"). Within one (1) year of Plaintiff's injuries, Defendant Baltimore County received actual and/or constructive notice of Plaintiff's injuries, as evidenced by Defendant Baltimore County being served with Plaintiff's Charge of Discrimination prior to November 19, 2021, and the Baltimore County Office of Law's submission of the aforementioned Position Statement on November 19, 2021.

8.  On April 18, 2022, Plaintiff filed a Rebuttal Statement with the EEOC and Defendant was served with a copy thereof that day.

9.  On November 11, 2022, Plaintiff filed an Amended Charge of Discrimination with the EEOC, describing additional injuries which he had been subjected to by the Defendant. On or about November 29, 2022, Defendant was served with Plaintiff's Amended Charge of Discrimination.

10. On February 17, 2023, Defendant Baltimore County filed a Supplemental Position Statement with the EEOC. Defendant Baltimore County thereby acquired actual

2

and/or constructive notice of Plaintiff's additional injuries within (1) year of their occurrence. Plaintiff thereby satisfied the LGTCA's requirements in entirety.

11. On December 4, 2023, Plaintiff received a Notice of Right to Sue from the EEOC. Therefore, Plaintiff properly exhausted his administrative remedies before timely filing suit.

## FACTS COMMON TO ALL COUNTS

12. Plaintiff's race is African-American. Defendant was aware at all times herein of Plaintiff's race.

13. Plaintiff was born in 1970. Defendant was aware at all times herein of Plaintiff's age.

14. On or about August 4, 2007, Defendant hired Plaintiff as an Emergency Medical Technician with the Baltimore County Fire Department. On or about November 27, 2012, Plaintiff became a Fire Apparatus Driver Operator ("FADO").

15. Plaintiff's job duties as a FADO include, without limitation, operating firefighting vehicles and equipment, putting out fires, and providing assistance to people involved in fires, accidents, and/or other dangerous situations.

16. In or about January of 2018, Plaintiff began to work as a FADO at Baltimore County Fire Department Station 13, Shift D ("13D").

17. From approximately October of 2018 to July of 2020, Plaintiff and then-FADO Christopher Chamberlain (Caucasian, then-under forty (40) years of age) trained Emergency Medical Technician Firefighter ("EMTFF") Michael Beebe (hereinafter referred to as "Beebe") (Caucasian, then-under forty (40) years of age). The purpose of the training was to train Beebe to become a FADO.

18.   During the training of Beebe, Beebe repeatedly listened to Chamberlain's instructions, but was deliberately insubordinate to Plaintiff, and purposefully ignored Plaintiff's instructions.

19.   On or about July 23, 2020, due to Beebe's insubordination towards and differential treatment of Plaintiff, Plaintiff opposed workplace discrimination by informing Fire Lieutenant Kevin Bollinger (Caucasian, then-under forty (40) years of age) and Fire Lieutenant Jake Stewart (Caucasian, then-under forty (40) years of age) of Plaintiff's objective and reasonable belief that Beebe was insubordinate towards Plaintiff because he (Plaintiff) is African-American. Fire Lieutenant Stewart admitted, "I can see that," thereby admitting that Plaintiff was subjected to race-based disparate treatment.

20.   Soon after Plaintiff raised his concerns about race-based discrimination to Fire Lieutenants Bollinger and Stewart, a meeting took place between Plaintiff, Beebe, and Fire Lieutenants Bollinger and Stewart. Beebe denied that he had acted discriminatorily towards Plaintiff. Plaintiff's complaint of race-based discrimination was not investigated and it was subsequently discarded. Beebe was neither subjected to discipline, moved to another Station, nor placed on modified duty.

21.   On or about October 7, 2020, Emergency Medical Technician ("EMT") Latanya Jennings (hereinafter referred to as "Jennings") (African-American, then-under forty (40) years of age) accused Plaintiff of subjecting her to a hostile work environment. As a result of Jennings's accusation, Plaintiff was moved from Baltimore County Fire Department Station 13 to Station 4.

4

22.    Chief Blaine Kurrle (Caucasian, over forty (40) years of age) was assigned to investigate Jennings's complaint lodged against Plaintiff. On or about October 12, 2020, Chief Kurrle spoke with Plaintiff about Jennings's complaint. Plaintiff denied Jennings's allegations against him. Plaintiff advised Chief Kurrle that Jennings would not listen to certain black men and that she "would not listen to a black man in a blue shirt, meaning a non-officer." Plaintiff also stated that he believed that there was a "racial divide" within Baltimore County Fire Department's Station 13D.

23.    On or about October 22, 2020, Plaintiff submitted a Memorandum to Chief Kurrle, alleging that Jennings had engaged in sexually harassing behavior in the workplace and towards him (Plaintiff) specifically.

24.    Plaintiff's October 22, 2020, Memorandum to Chief Kurrle also alleged that Jennings subjected Plaintiff to age-based harassment.

25.    On or about October 29, 2020, Plaintiff spoke with Chief Kurrle about his (Plaintiff's) claims of sex and age-based harassment against Jennings.

26.    Defendant did not investigate Plaintiff's claims of sex and age-based harassment which he asserted against Jennings in his October 22, 2020, Memorandum.

27.    During Chief Kurrle's investigation of Jennings's hostile work environment complaint against Plaintiff, Chief Kurrle referred to Plaintiff by stating "his view of a generation not his own." Chief Kurrle thus conveyed that Plaintiff was of a "different generation" than Jennings, thereby amounting to direct evidence of age-based discrimination.

28.    Despite Jennings making several inappropriate comments to Plaintiff, including calling Plaintiff "old," stating that it was "her generation's time," offering to put

dollars in his belt as if he was a male stripper, referring to her breasts as "nubs," and stating that she wanted to "wash her balls," Defendant did not discipline Jennings, change her terms and/or conditions of employment, nor move her to a different Station.

29.    On or about January 6, 2021, Defendant determined that Jennings's hostile work environment complaint against Plaintiff was unsupported and thereby it was dismissed.

30.    On or about March 23, 2021, Beebe filed a complaint of race-based discrimination against Plaintiff.

31.    On or about March 27, 2021, Beebe was promoted to FADO.

32.    On or about April 9, 2021, during a peer support group meeting, Plaintiff asked Fire Lieutenant Stacey Bures nee Curtis (hereinafter referred to as "Fire Lieutenant Curtis") (Caucasian, then-under forty (40) years of age) how the Baltimore County Fire Department would respond to a situation like that which Breonna Taylor had suffered. In response, Fire Lieutenant Curtis stated that "Well, we don't want to start a race war." Defendant was unwilling to investigate the race-based comment that Fire Lieutenant Curtis made to Plaintiff. Upon information and belief, despite Plaintiff objecting to Fire Lieutenant Curtis's comment as being racially discriminatory, she was neither subjected to disciplinary action, reassigned to a different position or Station, nor was she placed on administrative duty. She was instead promoted to Fire Captain in February of 2024.

33.    On or about April 9, 2021, EMTFF Edward Flynn (Caucasian, then-under forty (40) years of age) filed a hostile work environment complaint against Plaintiff.

34.     On or about April 15, 2021, EMTFF Brendan Johnson (Caucasian, then-under forty (40) years of age) filed a hostile work environment complaint against Plaintiff.

35.     In actuality, EMTFF Flynn's and EMTFF Johnson's complaints against Plaintiff constituted a replication of Beebe's allegations against Plaintiff. EMTFF Flynn's and EMTFF Johnson's complaints merely reiterated Beebe's complaint dated March 23, 2021, that Plaintiff had made "race-based comments" in the workplace.

36.     On April 23, 2021, Defendant issued a Notice of Investigation to Plaintiff. Defendant engaged in an extensive investigation of Beebe, Johnson, and Flynn's allegations, including conducting at least seventeen (17) interviews. Whereas, Defendant did not conduct a proper investigation of Plaintiff's complaints brought against Beebe, Jennings, and/or Fire Lieutenant Curtis, nor did Defendant investigate Plaintiff's articulated position that there was a "racial divide" within Baltimore County Fire Department's Station 13D.

37.     Defendant's investigation of Plaintiff was deliberately overbroad and far outside the scope of Beebe's, EMTFF Flynn's, and EMTFF Johnson's complaints that Plaintiff had made "race-based comments" in the workplace. By way of example only, Defendant alleged that Plaintiff made disparaging comments about the LGBTQ community, stated that he did not eat "halal food" because it was "blessed by Allah," and made an off-putting comment about eating hotdogs.

38.     Plaintiff's complaints about institutional racism were discarded and not investigated.

39.     In or about the third week of April of 2021, Plaintiff was reassigned to Baltimore County Fire Department Station 19 because of the complaints filed by Beebe, EMTFF Flynn, and EMTFF Johnson.

40. Jennings alleged <u>for the second time</u> that Plaintiff had sexually harassed Paramedic Firefighter Jessica Hayes (African-American, then-under forty (40) years of age). Said allegation against Plaintiff was initially brought up in or about October of 2020, at which point it was investigated and addressed accordingly. Nonetheless, on or about May 20, 2021, Plaintiff was placed on administrative duty. The Defendant designated the administrative duty assignment as "ADO T" – "Administrative Duty Officer Temporary."

41. While Plaintiff was on ADO T, he was in close proximity to several Caucasian women for approximately ten (10) hours per day, thereby negating the allegation that Plaintiff engaged in unwelcoming behavior towards a female co-worker. Moreover, by October of 2020, Plaintiff and Paramedic Firefighter Hayes had maintained a positive, professional relationship for several years.

42. As a result of Plaintiff's May 20, 2021, administrative duty assignment, he was unable to work as a FADO, he was ineligible for overtime opportunities, and he was removed from field operations.

43. On or about May 20, 2021, Plaintiff filed a Fair Practices Complaint alleging racial discrimination with Chief Francis DiPaula (Caucasian, over forty (40) years of age).

44. On or about June 3, 2021, Chief DiPaula and Chief Marcus Johnson (African-American, over forty (40) years of age) interrogated Plaintiff about the Complaints filed by Beebe, EMTFF Flynn, and EMTFF Johnson. However, during the interrogation, Chiefs DiPaula and Johnson also asked questions of Plaintiff about the allegation from October of 2020, that he had inappropriately touched/sexually

harassed Paramedic Firefighter Hayes. As stated above, said allegation had been investigated and addressed back in October of 2020.

45.    The allegation that Plaintiff had inappropriately touched Paramedic Firefighter Hayes had already been investigated by Chief Kurrle in or about October of 2020, which was when Jennings accused Plaintiff of subjecting her to a hostile work environment. Chief Kurrle concluded his investigation of the "inappropriate touching" in or about October of 2020, and the matter was adjudicated at that time.

46.    On or about June 24, 2021, Plaintiff filed a complaint of racial discrimination with Chief Thomas Ramey (believed to be an Indigenous American, over forty (40) years of age).

47.    On or about July 21, 2021, Defendant recommended that "Charges and Specifications" be brought against Plaintiff.

48.    On or about August 5, 2021, a formal "Notification of Charges and Specifications" was filed against Plaintiff concerning Beebe's March 23, 2021, Complaint, and the previously-investigated allegation that Plaintiff had inappropriately touched Paramedic Firefighter Hayes in or about October of 2020.

49.    On August 23, 2021, Defendant's Office of Human Resources contended that Plaintiff had not been subjected to workplace racism or discrimination. Defendant's Office of Human Resources told Plaintiff "The results of my investigations are not open for debate, discussions, or review."

50.    On or about September 7, 2021, Defendant alleged once again that Plaintiff sexually harassed Paramedic Firefighter Hayes.

9

51.    On or about December 17, 2021, Plaintiff submitted a letter to Rhonda Benjamin (African-American, over forty (40) years of age), employed by Defendant as Director of Human Resources, protesting Defendant's discriminatory workplace practices.

52.    On or about February 17, 2022, Defendant sustained the formal charges brought against Plaintiff on or about August 5, 2021. Plaintiff was thereby subjected to the following proposed disciplinary actions: (1) suspension without pay for four (4) days; (2) forfeiture of forty (40) hours of leave; (3) transfer within the Baltimore County Fire Department at the discretion of the staffing office; and (4) inability to enter transfer requests for two (2) years.

53.    On or about March 4, 2022, Plaintiff filed a Fair Practices Complaint with Chief Ramey, alleging therein being subjected to race-based discrimination, age-based discrimination, and sexual harassment.

54.    On or about March 26, 2022, Plaintiff filed a Fair Practices Complaint, alleging therein being subjected to race-based discrimination and harassment. Plaintiff reiterated that Fire Lieutenant Curtis made a race-based comment on April 9, 2021, *supra*, which had not been investigated by the Baltimore County Fire Department.

55.    On or about March 26, 2022, Plaintiff submitted a Fair Practices Complaint against Lieutenant Chamberlain, wherein he opposed race and religious-based discrimination. Plaintiff stated, among other things, that Lieutenant Chamberlain accused Plaintiff of creating an uncomfortable work environment by discussing matters associated with race. Plaintiff further maintained that Lieutenant Chamberlain offensively challenged his religious beliefs.

56.     On or about March 26, 2022, Plaintiff submitted a Fair Practices Complaint against EMTFF Flynn, alleging that EMTFF Flynn subjected him to race-based discrimination.

57.     On or about March 26, 2022, Plaintiff submitted a Fair Practices Complaint against EMT Jennings, alleging therein that she subjected him to sexual harassment and age-based discrimination.

58.     On or about March 26, 2022, Plaintiff submitted a Fair Practices Complaint against EMTFF Johnson, alleging therein that EMTFF Johnson subjected him to race-based discrimination.

59.     On or about March 26, 2022, Plaintiff submitted a Fair Practices Complaint against Lieutenant Christopher Carroll (Caucasian, then-under forty (40) years of age), alleging therein that Lieutenant Carroll endorsed race-based harassment in the workplace.

60.     During a grievance appeal hearing on March 29, 2022, Plaintiff alleged that he was subjected to racial discrimination in the workplace.

61.     On March 30, 2022, Plaintiff told Chief Joanna Rund that he had filed the aforementioned Fair Practices Complaints.

62.     On April 15, 2022, the following disciplinary measures against Plaintiff were proposed: (1) suspension without pay for four (4) days; (2) transfer within the Baltimore County Fire Department at the discretion of the staffing office; (3) inability to enter transfer requests into the transfer system for two (2) years; and (4) required to attend "Ensuring a Respectful Workplace" and "Sexual Harassment Training" courses.

63. Plaintiff remained on "ADO T" from May 20, 2021, to April 21, 2022. On or about April 21, 2022, Plaintiff was transferred to Station 11A, rather than being sent back to Station 13D where he had been prior to "ADO T." Plaintiff's transfer to 11A resulted in a reduced ability to earn "hazardous materials pay," and to take time off. Station 11A was also farther away from Plaintiff's residence than Station 13D.

64. On May 24, 2022, Plaintiff asked the Defendant for an update on the processing of his Fair Practices Complaints.

65. On or about September 7, 2022, Defendant denied Plaintiff a promotion to the rank of Fire Lieutenant.

66. Plaintiff had a qualifying score to be promoted, and was ranked twenty-nine (29) in a list of employees who qualified to be promoted to Fire Lieutenant.

67. On or about September 7, 2022, the following employees with worse rankings than Plaintiff were promoted to Fire Lieutenant, passing over Plaintiff: David Blenman; Daniel Coolahan; Teisha Jackson; Lacey Marino; Taylor Russell; and Caleb Spriggs. Like Plaintiff, Mr. Daniel Coolahan (Caucasian, over forty (40) years of age), Mrs. Lacey Marino (Caucasian, over forty (40) years of age), and Mr. Taylor Russell (Caucasian, then-under forty (40) years of age) were FADOs.

68. The Memorandum of Understanding between the Baltimore County Administration and the Baltimore County Professional Fire Fighters Association, I.A.F.F. Local 131, Articles 8 and 16, do not have policies which would have prevented Plaintiff from being promoted to Fire Lieutenant. The Baltimore County Code of Ordinances, § 4-8-102, Special Rule No. 7, did not disqualify Plaintiff from promotion.

69. At the time Plaintiff was denied a promotion, he was not "under suspension."

70. On October 26, 2022, the following disciplinary measures were upheld against Plaintiff: (1) suspension without pay for four (4) days; (2) transfer within the Baltimore County Fire Department at the discretion of the staffing office; (3) inability to enter transfer requests into the transfer system for two (2) years; and (4) required to attend "Ensuring a Respectful Workplace" and "Sexual Harassment Training" courses.

71. On or about December 28, 2022, Defendant denied Plaintiff a promotion to Fire Lieutenant. Plaintiff had a better ranking than David C. Hepner, Raymond Vargas Jr., Michael H. Janney, Carlos L. Washington Jr., Nathaniel R. Wells, Adam T. Wright, and John E. Bangerd, all of whom were promoted to Fire Lieutenant at that time. Like Plaintiff, Mr. Hepner (Caucasian, then-under forty (40) years of age) and Mr. Vargas (non-African-American, over forty (40) years of age) were FADOs.

72. In or about April of 2023, Plaintiff was skipped for promotion to Fire Lieutenant once again.

73. On or about April 25, 2023, Plaintiff was issued a "Form 22" Counseling Notice based on an allegation of "freelancing," an undefined term, by Captain Salliann Muscella (Caucasian, over forty (40) years of age), employed as Station 11A Captain.

74. On or about April 27, 2023, Plaintiff filed a race-based discrimination complaint with the Baltimore County Fire Department against Captain Salliann Muscella.

75. On or about November 9, 2023, Plaintiff was placed under investigation for allegedly violating the Fair Practices Policy. On or about November 11, 2023, Plaintiff was involuntarily transferred to Station 8A.

76. At all times relevant herein, Plaintiff has met and/or exceeded Defendant's legitimate job expectations as a FADO with the Baltimore County Fire Department.

77. As of November 11, 2023, Plaintiff's annual salary was ninety-three thousand four hundred six dollars ($93,406.00).

78. On or about February 19, 2024, Plaintiff filed a race-based discrimination complaint with the Baltimore County Fire Department against Captain Muscella.

**COUNT I**
**RACIAL DISCRIMINATION**
**(Disparate Treatment)**
**Title VII of the Civil Rights Act of 1964, as amended**
**42 U.S.C. § 2000e, *et seq.***

79. Plaintiff hereby restates and incorporates paragraphs 1 through 78 of this Complaint as though fully set forth herein.

80. At all times relevant herein, Plaintiff has satisfactorily performed his job duties as a FADO.

81. As described above, Plaintiff opposed what he objectively and subjectively believed amounted to race-based discrimination promulgated by FADO Beebe (Caucasian). Plaintiff's complaint was not investigated properly. Despite Plaintiff making complaints about Beebe subjecting him to workplace discrimination, Beebe was neither disciplined, placed on administrative duty, nor transferred to a different Station.

82. As a result of Beebe's complaint of race-based discrimination brought against Plaintiff, Plaintiff was extensively investigated, transferred to a different Station, placed on administrative duty, subjected to disciplinary action, and skipped for promotion.

14

83. As described above, Plaintiff objected to Fire Lieutenant Curtis's (Caucasian) race-based comment – that she did not want to start a "race war." Despite Plaintiff making a complaint about her racially discriminatory comment, Defendant did not adequately investigate Plaintiff's complaint. Upon information and belief, Fire Lieutenant Curtis was neither disciplined, placed on administrative duty, nor transferred to a different Station. Rather, Fire Lieutenant Curtis was promoted to Fire Captain in February of 2024.

84. Plaintiff was highly qualified and able to perform the duties of a Fire Lieutenant, yet was denied promotion for the same.

85. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of his race (African-American) – a protected class under Title VII.

86. That the aforementioned acts constituted unlawful practices pursuant to Title VII.

87. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race (African-American).

88. That the unlawful employment practices complained of above were intentional.

89. That the discriminatory actions, as set forth above, have caused Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

90. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

91. WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT II
## RETALIATION
### (Materially Adverse Actions and Protected Activity Deterrents)
### Title VII of the Civil Rights Act of 1964, as amended
### 42 U.S.C. § 2000e, *et seq.*

92.    Plaintiff hereby restates and incorporates paragraphs 1 through 78 of this Complaint as though fully set forth herein.

93.    On about July 23, 2020, Plaintiff opposed workplace discrimination by informing Fire Lieutenants Bollinger and Stewart, of Plaintiff's reasonable belief that Beebe was insubordinate towards Plaintiff because Plaintiff is Black.

94.    On or about October 7, 2020, Plaintiff was moved from Baltimore County Fire Department Station 13 to Station 4.

95.    On or about October 12, 2020, Plaintiff advised Chief Kurrle that Jennings would not listen to certain black men and that she "would not listen to a black man in a blue shirt, meaning a non-officer." Plaintiff also stated that he believed there was a "racial divide" within Baltimore County Fire Department's Station 13D.

96.    On or about October 22, 2020, Plaintiff submitted a memorandum to Chief Kurrle, asserting that Jennings subjected him to sexual harassment.

97.    On or about October 29, 2020, Plaintiff spoke with Chief Kurrle about his (Plaintiff's) claim of sex-based harassment against Jennings.

98.    In or about April of 2021, Plaintiff opposed Fire Lieutenant Curtis's race-based comment that she did not want to start a "race war."

99.    On or about May 20, 2021, Plaintiff filed a Fair Practices Complaint alleging racial discrimination with Chief Francis DiPaula.

16

100. On or about May 20, 2021, Plaintiff was placed on administrative duty. As a result thereof, he was unable to work as a FADO, he was ineligible for overtime opportunities, and he was removed from field operations.

101. On or about June 24, 2021, Plaintiff filed a complaint of racial discrimination with Chief Thomas Ramey.

102. On or about July 21, 2021, Defendant recommended that "Charges and Specifications" be brought against Plaintiff.

103. On or about August 5, 2021, a formal "Notification of Charges and Specifications" was filed against Plaintiff.

104. On about December 17, 2021, Plaintiff submitted a letter to Rhonda Benjamin, a Director of Human Resources for Defendant, protesting Defendant's discriminatory workplace practices.

105. On February 17, 2022, Defendant sustained the formal charges brought against Plaintiff on or about August 5, 2021. Plaintiff was thereby subjected to the following proposed disciplinary actions: (1) suspension without pay for four (4) days; (2) forfeiture of forty (40) hours of leave; (3) transfer within the Baltimore County Fire Department at the discretion of the staffing office; and (4) inability to enter transfer requests for two (2) years.

106. On or about March 4, 2022, Plaintiff filed a Fair Practices Complaint with Chief Ramey, alleging therein being subjected to race-based discrimination and sexual harassment.

107. On or about March 26, 2022, Plaintiff filed six (6) Fair Practices Complaints with Defendant.

108. During a grievance appeal hearing on March 29, 2022, Plaintiff alleged that he was subjected to racial discrimination in the workplace.

109. On April 15, 2022, the following disciplinary measures against Plaintiff were proposed: (1) suspension without pay for four (4) days; (2) transfer within the Baltimore County Fire Department at the discretion of the staffing office; (3) inability to enter transfer requests into the transfer system for two (2) years; and (4) required to attend "Ensuring a Respectful Workplace" and "Sexual Harassment Training" courses.

110. On or about April 21, 2022, Plaintiff was transferred to Station 11A, rather than being sent back to Station 13D where he had been prior to his administrative duty assignment. Plaintiff's transfer to 11A resulted in a reduced ability to earn "hazardous materials pay" and to take time off. Station 11A was also farther away from Plaintiff's residence than Station 13D.

111. On May 24, 2022, Plaintiff asked the Defendant for an update on the processing of his Fair Practices Complaints.

112. On about September 7, 2022, Defendant denied Plaintiff a promotion to Fire Lieutenant, despite being qualified for said position.

113. On October 26, 2022, Plaintiff was subjected to the following disciplinary action: (1) suspension without pay for four (4) days; (2) transfer within the Baltimore County Fire Department at the discretion of the staffing office; (3) inability to enter transfer requests into the transfer system for two (2) years; and (4) required to attend "Ensuring a Respectful Workplace" and "Sexual Harassment Training" courses.

18

114. On or about December 28, 2022, Defendant denied Plaintiff a promotion to Fire Lieutenant.

115. In or about April of 2023, Defendant denied Plaintiff a promotion to Fire Lieutenant.

116. On or about April 25, 2023, Plaintiff was issued a "Form 22" Counseling Notice.

117. On or about November 11, 2023, Plaintiff was involuntarily transferred to Station 8A.

118. The aforementioned complaints constitute "legally protected activities" under Title VII.

119. The aforementioned legally protected activities were known by Defendant to have occurred.

120. The subsequent materially adverse actions, as set forth herein and in the above-referenced facts common to all counts, amounted to illegal retaliation.

121. That the aforementioned acts of retaliation for complaining of discrimination constituted unlawful employment practices pursuant to Title VII.

122. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee based upon his legally protected activities.

123. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

124. As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT III**
**AGE DISCRIMINATION**
**(Disparate Treatment)**
**Age Discrimination in Employment Act of 1967, as amended**
**29  U.S.C. § 621, *et seq.***

125.   Plaintiff hereby restates and incorporates paragraphs 1 through 78 of this Complaint as though fully set forth herein.

126.   At all times relevant herein, Plaintiff has satisfactorily performed his job duties as a FADO.

127.   As described above, Plaintiff opposed what he objectively and subjectively believed amounted to discrimination and/or harassment promulgated by Beebe (then-under forty (40) years of age), Jennings (then-under forty (40) years of age), and Fire Lieutenant Curtis (then-under forty (40) years of age). Plaintiff's complaints were not investigated. Despite Plaintiff's complaints, Beebe and Jennings were neither disciplined, placed on administrative duty, nor transferred to a different Station.

128.   Beebe and Jennings made complaints that Plaintiff subjected them to discrimination and/or harassment. As a result thereof, Plaintiff was extensively investigated, transferred to a different Station, placed on administrative duty, subjected to disciplinary action, and skipped for promotion.

129.   Defendant was unwilling to investigate Fire Lieutenant Curtis's (then-under forty (40) years of age) race-based comment that she did not want to start a "race war." Upon information and belief, she was neither disciplined, placed on administrative duty, nor transferred to a different Station. Instead, she was promoted to Fire Captain in February of 2024.

20

130. Plaintiff was highly qualified and able to perform the duties of a Fire Lieutenant, yet was denied promotion for the same.

131. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of his age (over forty (40) years of age) – a protected class under the ADEA.

132. That the aforementioned acts constituted unlawful practices pursuant to the ADEA.

133. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his age (over forty (40) years of age).

134. That the unlawful employment practices complained of above were intentional.

135. That the discriminatory actions, as set forth above, have caused Plaintiff to suffer lost earnings and earning capacity.

136. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

137. WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**PRAYER FOR DAMAGES**

WHEREFORE, for the foregoing reasons, DuBurne Reid, Plaintiff, demands judgment against Defendant, Baltimore County, as follows:

a. Lost Wages in the amount of seventy-five thousand dollars ($75,000.00);

b. Back pay and interest on the same;

c. Liquidated damages in an amount equivalent to the sum of Plaintiff's lost wages;

d. Compensatory damages in the amount of three hundred thousand dollars ($300,000.00);

21

e.  Promotion to Fire Lieutenant;

f.  Prejudgment and post judgment interest;

g.  Award attorney's fees and costs, including expert witness fees, as allowed by law;

h.  And for such other and further relief as this Honorable Court deems just and equitable.

Respectfully submitted,

_____/s/_____
Jeffrey J. Sadri, Esq. (Bar No. 19118)
Ellison Sadri, LLC
2086 Generals Highway, Ste. 201
Annapolis, Maryland 21401
(410) 974-6000
(410) 224-4590 Fax
<jsadri@eslawgroup.com>

*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, DuBurne Reid, by and through his attorneys, Jeffrey J. Sadri, Esq., and the law office of Ellison Sadri, LLC, hereby demands that this above captioned matter be tried before a jury on all issues so triable.

Respectfully submitted,

_____/s/_____
Jeffrey J. Sadri, Esq. (Bar No. 19118)

22